IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMIE ALLISON,

        Plaintiff,

v.   No. Civ. 09-275 RHS/LFG

BOEING LTS, Inc.,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court in consideration of Plaintiff's Objection to Defendant's Notice of Removal ("Motion[1] to Remand"), filed April 13, 2009 **[Doc. No. 7]**, Defendant's Response to Plaintiff's Motion to Remand ("Response"), filed April 29, 2009 **[Doc. No. 9]**, Plaintiff's Reply to Defendant's Response ("Reply"), filed May 13, 2009 **[Doc. No. 12]** and Additional Material Requested by the Court Regarding Motion to Remand, filed July 7, 2009 **[Doc. No. 21]**.  Having reviewed the parties' submissions, the relevant authorities, and being otherwise advised in the premises, the Court finds that Plaintiff's Motion to Remand is not well-taken and will be denied.

### Background and Authority

Plaintiff initiated this lawsuit in the Second Judicial District Court of New Mexico and served Defendant with his First Amended Complaint ("Complaint") on December 2, 2008.  On March 23, 2009, Defendant removed the case to this Court asserting federal question jurisdiction.  (See Notice of Removal ("Notice") **[Doc. No. 1]**).  In his motion, Plaintiff argues that this case should be remanded to state court because the Notice of Removal was filed more

---

[1] Plaintiff apparently seeks an order remanding this civil proceeding to state court.  "A request for a court order must be made by motion." FEDERAL RULE OF CIVIL PROCEDURE 7(b)(1).

than thirty days after Defendant was served with Plaintiff's Complaint.  Defendant argues that its Notice of Removal was not untimely filed, because the thirty day limit did not begin to run until it received a response to its Freedom of Information Act ("FOIA") request on February 23, 2009.

*Timeliness of Removal*

Generally, a defendant must file a notice of removal of a civil action "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based."  28 U.S.C. §1446(b).  However, an exception applies if the case stated by the initial pleading is not removable.  In that situation,

> . . . a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained[2] that the case is one which is or has become removable . . . .

§1446(b).[3]  The removal period does not begin to run under §1446(b) "until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999).

The Tenth Circuit explained that "clear and unequivocal notice [of removability is required] from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory."  Akin, 156 F.3d at 1036.  In this Circuit, a defendant has no duty to investigate and determine whether a case is removable when a plaintiff's pleading indicates only that a case

---

[2]"Ascertained" means a statement that "should not be ambiguous" or one which "requires an extensive investigation to determine the truth."  Akin v. Ashland Chemical Co., 156 F.3d 1030, 1035 (10th Cir. 1998) (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)).

[3]This exception "serves the laudable purpose of preventing the defendant from having to speculate whether a case is removable [and] . . . . functions as a deterrent to the plaintiff seeking to disguise the true federal character of a claim."  See Akin v. Big Three Industries, Inc., 851 F.Supp. 819, 824 (E.D.Tex. Mar. 21, 1994).

is potentially removable.  See id. (expressly disagreeing with cases from other jurisdictions "which impose a duty [on defendant] to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist") (footnote omitted).

*Federal Enclave Jurisdiction*

Cases which arise from events "occurring within federal enclaves may be removed to federal district court as a part of federal question jurisdiction." Akin, 156 F.3d at 1034.  "The United States has power and exclusive authority 'in all Cases whatsoever . . . over all places purchased' by the government 'for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings,' U.S. Const. art. I, § 8, cl. 17.[4]  Such places are 'federal enclaves' within which the United States has exclusive jurisdiction." Akin, 156 F.3d at 1034.  "Whether federal enclave jurisdiction . . . exists is a complex question," which is determined by several factors.  Celli v. Shoell, 40 F.3d 324, 328 (10th Cir. 1994) (citations omitted).[5]

In considering whether Plaintiff set forth a case removable on the basis of enclave jurisdiction, "the determinative fact is the precise *location* of the events giving rise to the claims for relief.  It is only when the geography is mapped in a certain way that an otherwise state claim presents a federal question." Akin v. Big Three Industries, Inc., 851 F.Supp. at 824 (emphasis in original); see also Akin, 156 F.3d at 1035 (referring to the district court's statement that precise

---

[4]The plain language of the Constitution also provides that federal enclaves be "purchased by the Consent of the Legislature of the State in which the Same shall be . . . ."  U.S. Const. art. I, § 8, cl. 17.  "[I]n order that the United States may possess exclusive legislative power over the tract . . ., they must have acquired the tract by purchase, with the consent of the state.  This is the only mode prescribed by the federal constitution for their acquisition of exclusive legislative power over it." Chicago R.I. & P. Ry. Co. v. McGlinn, 114 U.S. 542, 545 (1885) (cited in Sinicki v. General Electric Co., 2005 WL 1592961, at *2 (N.D.N.Y. Jul. 7, 2005) (not reported)).

[5]These factors include: "whether the federal government exercises exclusive, concurrent or proprietarial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether the law is consistent with federal policy, and whether it has been altered by national legislation." Celli, 40 F.3d at 328 (citations omitted).

identification of the location of plaintiffs' claimed exposures "is the singularly relevant fact when determining the applicability of enclave jurisdiction"). In this case, the Court finds that Plaintiff's Complaint and subsequent papers failed to provide the clear and unequivocal notice of removability required to trigger the thirty day removal period under §1446(b).

### Discussion

Plaintiff's Complaint does not reveal any basis for federal enclave jurisdiction. In his Complaint, Plaintiff asserts only state law claims and does not allege that any of the events underlying his claims occurred on a federal enclave or on Kirtland Air Force Base ("KAFB").[6] Although Plaintiff's Answers to Defendant's First Set of Requests for Admission and Non-Uniform Interrogatories to Plaintiff indicate that one or more events occurred on KAFB, (see Ex. A, attached to Response), they also fall short of providing a clear and unequivocal notice of removability on the basis of federal enclave jurisdiction.

In his answer to Defendant's interrogatories, Plaintiff states that "only some of the[] events [in the lawsuit] [,] but not all of them took place at" KAFB. (Id. at 5).[7] However, despite indicating that one or more events occurred at KAFB, Plaintiff's responses do not specifically identify one relevant event underlying any of his claims that occurred at KAFB. Thus, Plaintiff's answers to Defendant's interrogatories indicate, at most, that the right to remove *may* exist. However, because Defendant has no duty to investigate or determine removability when apprised only of a potential right to remove, Plaintiff's non-specific answers to Defendant's interrogatories did not trigger the removal period under §1446(b).

In its removal notice, Defendant asserted, *inter alia*, that: (1) Plaintiff "worked for

---

[6]Defendant notes that "KAFB is not even mentioned in the Complaint." (Response at 3).

[7] Plaintiff similarly states that "only some of the[] events [on which the material allegations are based] [,] but not all of them took place at" KAFB. (Id. at 6).

Defendant in Buildings 399, 416, and 774 of Kirtland Air Force Base,"[8] and (2) "the land on which Buildings 399, 416 and 774 of Kirtland Air Force Base are located is a federal enclave." (Notice at 2 ¶3). Defendant attached to the Notice various maps of KAFB, a letter from the Secretary of the Army and a letter from the Acting Secretary of the Air Force indicating federal acquisition of, and acceptance of jurisdiction over, the land at issue. (See Ex. 5, attached to Notice).[9] Plaintiff does not appear to challenge the basis of Defendant's assertion of subject matter jurisdiction in this Court.

For all of the reasons set forth above, the Court finds that Plaintiff's Motion to Remand is not well-taken and will be denied.

WHEREFORE,

IT IS ORDERED that Plaintiff's Objection to Defendant's Notice of Removal **[Doc. No. 7]** is **denied**.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[8] Neither the Complaint nor the answers to interrogatories contained this information.

[9] Plaintiff argues, without citing to any evidence whatsoever, that "the entire military base and civilian contractor complex are a military enclave," (Motion to Remand at 5), and alleges that "Defendant knew all along that it was located well within an undisputed federal enclave," (Reply at 1). Defendant points to the affidavit of the Acting Real Estate Chief for the U.S. Army Corps of Engineers (Albuquerque District) in support of their contention that not all of KAFB is owned by the federal government or under exclusive federal jurisdiction. (See Affidavit of Marvin L. Urban, Ex. B, attached to Response).