IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMIE ALLISON,

       Plaintiff,

v.                                            No. Civ. 09-275 RHS/LFG

BOEING LASER TECHNICAL SERVICES,

       Defendant.

**ORDER DENYING APPELLANT'S APPLICATION FOR INTERLOCUTORY
APPEAL AND MOTION TO STAY PROCEEDINGS**

**THIS MATTER** comes before the Court on Appellant's [Plaintiff's] Application for

Interlocutory Appeal and Motion to Stay Proceedings [docket no. 59].  Plaintiff apparently seeks

an order certifying, under the Interlocutory Appeals Act, 28 U.S.C. § 1292(b), this Court's order

entered on August 2, 2010 [docket no. 56] dismissing several of Plaintiff's claims.  The Court

has considered the arguments and authorities propounded by the respective parties and hereby

concludes that Plaintiff's application is not well-taken and should be denied.

"As a general rule, only final decisions of the district court are appealable."  Pimental &

Sons Guitar Makers, Inc. V. Pimentel, 477 F.3d 1151, 1153 (10th Cir. 2007) (citing 28 U.S.C. §

1291).  Interlocutory review is usually restricted to final decisions to prevent the "debilitating

effect on judicial administration caused by piecemeal appellate disposition of . . . a single

controversy."  Eisen v. Carlisle, 417 U.S. 156, 170 (1974).  The Court may certify an order for

an interlocutory appeal if it believes the order involves a "controlling question of law as to which

there is substantial ground for difference of opinion and [if] an immediate appeal from the order

may materially advance the ultimate termination of the litigation."  § 1292(b).  Only

-1-

"exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 474 (1978). The party seeking certification bears the burden of showing that the order in question is exceptional. <u>See</u> <u>In re Flor</u>, 79 F.3d 281, 284 (2d Cir. 1996).

The Court cannot conclude that an interlocutory appeal would materially advance the termination of this litigation. This case will soon be set for trial on the merits as to Plaintiff's remaining claim of defamation and thereafter any party may undertake and seek appellate review. Plaintiff fails to show that the Court's order [docket no. 56] is an exceptional one whose early appellate resolution would counteract the debilitating effect on judicial administration caused by piecemeal appellate disposition. Therefore, and for reasons stated, the Court will deny Appellant's [Plaintiff's] Application for Interlocutory Appeal and Motion to Stay Proceedings.

**IT IS THEREFORE ORDERED** that Appellant's Application for Interlocutory Appeal and Motion to Stay Proceedings [docket no. 59] is hereby denied.

Robert Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE